CATHERINE D. VERNON, RELATOR, v. MAYOR AND COUN-
CIL OF THE TOWN OF WESTFIELD AND FRANK B.
MOFFETT, BUILDING INSPECTOR, RESPONDENTS.

Argued February 20, 1923—Decided July 31, 1923.

The powers conferred upon municipalities by chapter 240 of the laws
of 1920 do not authorize a municipality that is embraced within
its provisions to restrict the use and occupation of a residence
located therein to a single family, unless such restriction is rea-
sonably necessary for the promoting of the public health, safety
and general welfare.

On *mandamus.* On demurrer to the return made to an
alternative writ.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE
and TRENCHARD.

For the demurrant, *Earle A. Merrill.*

For the respondents, *Paul Q. Oliver.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The relator, Catherine D.
Vernon, is the owner of a three-story brick residence, located
at the corner of Kimball avenue and Elm street, in the town
of Westfield. Prior to its purchase by her it was occupied by
a single family. After she became seized of the title to the
property she applied to the building inspector of Westfield
for a certificate permitting the residence to be occupied and
used by two families. Her request was refused, and she ap-
plied to this court for and was allowed an alternative writ of
*mandamus,* commanding the mayor and council of Westfield
and the building inspector of that town to forthwith issue a
certificate of occupancy to her, permitting the occupation and
use of the said residence by two families, or to show cause to
the contrary thereof.

The return sets up as a justification for the inspector's action that the property of the relator had theretofore been used as a one-family residence; that it was located within "A" residence district, as designated and defined in an ordinance of the town, passed and adopted on December 5th, 1921, and entitled "An ordinance establishing building districts and restrictions in the town of Westfield;" that by section 2 of that ordinance it is provided, among other things, that no building within the designated residence district shall be used for other purposes than as a dwelling, and for not over one family or for one housekeeping unit; and, further, that the issuing of a certificate of occupancy by the building inspector was therein prohibited except for proposed uses of the building which were in conformity with the provisions of the ordinance.

The question for decision under the pleadings is whether the facts set out in the return justify the refusal of the relator's application for a certificate of occupancy, permitting the use of her dwelling by two families.

The ordinance appealed to is sought to be justified upon the ground that it is authorized by chapter 240 of the laws of 1920 (*Pamph. L., p.* 455), which confers upon municipalities power to regulate the location and use of buildings—including residences—for the purpose of promoting the public health, safety and general welfare. It will be observed that this statutory power is a limited one, and does not authorize municipalities to restrict the use of residential properties, unless such restriction is reasonably necessary for the carrying out of the declared legislative purpose. It follows therefore that where a municipality attempts to regulate the use of such properties by restrictions which have no tendency to produce the results indicated by the legislature, such municipal action is purely arbitrary; not authorized by the act of 1920, and, consequently, null and void.

Is the provision of the ordinance, under which the inspector's refusal to issue the certificate of occupancy is sought to be justified, an exercise of the power conferred by the statute, or is it one beyond the power of the municipality to ordain?

That it is the latter we have no doubt. It operates upon every residence within the prescribed district without regard to its size, sanitary appliances or conveniences. It permits occupancy and use of a residence by a single family, no matter how large, but prohibits occupancy by two families, although the total membership of the two may be much less than that of the one. In short, its only purpose, so far as can be discovered from the language used, is to place a restriction upon the use of residential properties within the designated area, without any pretence that such restriction is reasonably necessary for the public health and safety. This view is a mere reiteration of that exploited by this court in the case of *Handy* v. *South Orange,* 118 *Atl. Rep.* 838, in which the validity of a similar ordinance was under consideration; and, as in that case, we conclude that the provision of the ordinance upon which the action of the town building inspector is based is *ultra vires,* null and void. The relator therefore is entitled to a peremptory writ, commanding the mayor and council of the town of Westfield to cause its building inspector, Frank B. Moffett, to issue to her a certificate of occupancy permitting the use of her dwelling upon the corner of Kimball avenue and Elm street as a two-family residence.

It will be so ordered.